UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

**Case No.:** ______________________
**Division:** Civil

FILED BY PCS D.C.
SEP 08 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**DR. [JIMMY LAFAILLE]**
Plaintiff,

v.

**FIFTH THIRD BANK, N.A.,**
Defendant.

---

**CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Dr. [DR JIMMY LAFAILLE], DNP, sues Defendant, Fifth Third Bank, N.A., and alleges:

1. This is an action for emergency injunctive relief, a mandatory data preservation order, and substantial civil damages calculated at an absolute accrual multiplier of **$100,000,000.00 for every single business day** that has elapsed without intervention from the initial branch alerts through the present date. This action exceeds the $50,000 jurisdictional threshold of the Circuit Court.
2. Plaintiff is a resident of Palm Beach County, Florida, and is a Doctorally prepared, Board-Certified Psychiatric-Mental Health Nurse Practitioner (PMHNP-BC) and an Autonomous Advanced Practice Registered Nurse (APRN).
3. Defendant, Fifth Third Bank, N.A., is a foreign banking corporation operating retail financial branches within the State of Florida, including specific physical facilities located in Boca Raton and Boynton Beach, Florida, and is subject to the jurisdiction of this Court.
4. Venue is proper in Palm Beach County as the direct financial, operational, and physical damages resulting from Defendant's actions manifested within this jurisdiction.
5. The Defendant's reckless and continuous failure to secure its infrastructure began on April 4, 2026, when the Plaintiff physically entered the Fifth Third Bank branch located at 21060 St. Andrews Boulevard in Boca Raton, Florida, and explicitly notified the branch manager that an unauthorized, fraudulent commercial entity had been established within their systems using her legal name, personal credentials, and corporate Tax ID since 2020.
6. The branch manager reviewed the internal banking system and openly confirmed that the illicit account existed and was actively associated with Defendant Optum to intercept the Plaintiff's UnitedHealthcare (UHC) clinical revenue yet callously refused to take regulatory action or lock down the account, stating that because it was not placed under the Plaintiff's verified business portfolio, he could no longer do anything to assist her.

7. This reckless disregard and active corporate concealment were severely amplified on **July 17, 2026**, when the Plaintiff confronted Fifth Third Bank Manager **Roshren McFadden** regarding the ongoing cyber-fraud. Manager McFadden manipulated the Plaintiff into believing an internal fraud investigation was actively underway, instructing her to email a photograph of the fraudulent banking data. Immediately upon receiving this critical evidentiary photograph, McFadden and the Defendant severed all communications and flatly refused to follow up or respond, actively hiding the ghost routing network and allowing the illicit diversion of medical payments to continue unhindered.
8. By permitting an illicit ghost account to continuously intercept and divert thousands of dollars in clinical revenue, the Defendant actively forced a Doctorally prepared Psychiatric Nurse Practitioner from a thriving daily census of seven to fifteen patients down to near zero, stripping her of all livelihoods and reducing her to court-certified indigent status.
9. This manufactured financial blockade directly caused the immediate risk of the Plaintiff losing her two primary medical storage facilities, subjected the Plaintiff and her daughter to sudden, absolute homelessness, and forced them to severely ration daily food intake.
10. The physical injuries and metabolic trauma inflicted upon the Plaintiff as a direct consequence of this severe distress are profound and life-threatening, manifesting as an alarming, documented forty-five-pound metabolic weight loss, chronic severe migraine headaches, and an acute cardiac emergency that required immediate international hospitalization and an ongoing prescription for cardiac stabilization medication (Propranolol).
11. Immediate injunctive relief is required to prevent the automated purging of electronic and digital records across the physical branches located on St. Andrews Boulevard in Boca Raton and North Congress Avenue in Boynton Beach, Florida.

**COUNT I: CONVERSION AND GROSS CORPORATE NEGLIGENCE**

12. Plaintiff adopts and incorporates the allegations in paragraphs 1 through 11.

13. Plaintiff possessed an absolute legal right to the immediate possession of her clinical healthcare practice revenue and the exclusive control of her corporate Tax ID.

14. Defendant intentionally and mindfully interfered with that right by permitting, maintaining, and hiding an unauthorized ghost account associated with Optum, flatly refusing to freeze the account after explicit visual and administrative notification of fraud delivered to its agents, including Branch Manager Roshren McFadden.

15. As a direct and proximate result of Defendant's gross negligence and conversion, the Plaintiff was reduced to indigent status, suffered severe metabolic starvation, and endured acute cardiac injury.

**Plaintiff respectfully requests that this Court:**

**A.** Enter judgment for Plaintiff on very claim proven;

**B.** Award compensatory damages;

**C.** Award consequential economic damages

**D.** Award lost income and diminished earning capacity where established;

**E.** Award legally recoverable personal-injury damages

**F.** Award medical expenses and future medical damages where established;

**G.** Award damages resulting from legally established interference with Plaintiff's business and contractual relationships

**H.** Award all relief available concerning Defendant's handling of Plaintiff's security deposit

**I.** Award prejudgment interest where authorized;

**J.** Award taxable costs;

**K.** Award attorney's fees only where legally authorized

**L.** Grant appropriate equitable relief;

**M.** Conduct an expedited hearing concerning Plaintiff's separately filed emergency request regarding the approximately **$5,775 housing emergency**

**N.** Permit appropriate forensic and third-party discovery;

**O.** Permit amendment to identify Doe Defendants when supported by discovery;

**P.** Permit Plaintiff to seek leave to assert punitive damages if the applicable evidentiary threshold is satisfied;

**Q.** Award damages presently alleged to exceed 100,000,000 **(One Hundred) MILLION DOLLARS (**or such amount as the evidence and jury determine; and or

**R.** Grant all other relief deemed just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment for compensatory damages, special damages, consequential damages, and punitive damages against Defendant, Fifth Third Bank, N.A., calculated at an accumulative daily multiplier of $100,000,000.00 for every single business day that has elapsed since the initial branch alert, alongside a mandatory emergency preservation order forcing the immediate retention of all branch CCTV video, telephone recordings, and wire metadata, with all injunction bond requirements completely waived under Florida Rule of Civil Procedure 1.610(b).

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: 9/8/2026

Respectfully submitted,

Dr. [JIMMY LAFAILLE], DNP, APRN-IP, PMHNP-BC, FNP
Email:jimmylafaille@att.net
Telephone: (561) 702-6309

Plaintiff Pro Se